**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

DEMETRIUS L. NEELY, #1104743,

                Petitioner,

v.                                             ACTION NO. 2:13cv274

HAROLD CLARKE,
Director, Department of Corrections,

                Respondent.

**UNITED STATES MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

    This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Civil Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Court recommends denying the petition for writ of habeas corpus.

**I. STATEMENT OF THE CASE**

    **A. Procedural Background**

    On June 30, 2008, in the Circuit Court for the City of Portsmouth, Petitioner Demetrius L. Neely was convicted of possession of cocaine with intent to distribute, second offense; possession of a firearm by a convicted felon; possession of a schedule I/II drug while in possession of a firearm; and possession of marijuana. *Commonwealth v. Neely*, No. CR08-0545 (Va. Cir. Ct. June 30, 2008); Pet. 1, ECF No. 1-1. Petitioner was sentenced on October 2, 2008, to fifty years and six months in prison with nine years suspended. ECF No. 1-5.

Petitioner filed a direct appeal to the Court of Appeals of Virginia on the grounds that there was insufficient evidence to find him guilty of possessing either the cocaine or firearm. The Court of Appeals denied his appeal on May 8, 2009. *Neely v. Commonwealth*, No. 2586-08-1 (Va. Ct. App. May 8, 2009). Petitioner's appeal on the same grounds to the Supreme Court of Virginia was initially dismissed for failure to note an appeal in the Court of Appeals, but the Supreme Court granted Petitioner's motion for a delayed appeal, and then refused his appeal on the merits on April 5, 2010. *Neely v. Commonwealth*, No. 092237 (Va. Apr. 5, 2010).

Petitioner filed a state habeas corpus petition in Portsmouth Circuit Court on March 3, 2011. Pet. for Habeas Corpus, *Neely v. Hinkle*, No. 11-805 (Va. Cir. Ct. May 16, 2011). Because of a clerical error, his petition was believed to be incomplete as of the filing deadline and the court accordingly dismissed it as untimely. Appellee's Consent to Reverse and Remand the Judgment of the Portsmouth Circuit Court Denying Habeas Corpus, *Neely v. Hinkle*, No. 111327 (Va. Mar. 2, 2012). Petitioner filed a pro se petition appealing this dismissal to the Supreme Court of Virginia, which granted his appeal on January 17, 2012. Certificate of Appeal, No. 111327. Upon reviewing the record forwarded to the Supreme Court of Virginia, counsel for Respondent discovered that Petitioner's original habeas petition had in fact been properly and timely filed and filed Appellee's Consent to Reverse and Remand the dismissal. No. 111327. On March 2, 2012, that Court accordingly vacated the Portsmouth Circuit Court's dismissal of Petitioner's habeas petition and remanded the case for consideration on the merits. No. 111327.

On May 31, 2012, the Portsmouth Circuit Court dismissed the petition on remand. It dismissed Petitioner's first and fourth grounds because he failed to raise them on direct appeal. *Neely v. Hinkle*, No. CL-11-805, 1 (Va. Cir. Ct. May 31, 2012). It dismissed his second and third

2

grounds, alleging ineffective assistance of counsel, because Petitioner failed to meet the *Strickland v. Washington*, 466 U.S. 668 (1994), standard for ineffective assistance of counsel claims. *Id.* Petitioner appealed the circuit court's ruling to the Supreme Court of Virginia, which refused his appeal on March 27, 2013. *Neely v. Hinkle*, No. 111327 (Va. Mar. 27, 2013).

Petitioner filed the instant federal petition for writ of habeas corpus under 28 U.S.C. § 2254 in this Court on May 15, 2013. Pet., ECF No. 1. Respondent filed a Motion to Dismiss and a Rule 5 Answer on October 1, 2013. ECF Nos. 13 & 14. Petitioner filed his response October 25, 2013. ECF No. 17. Petitioner has requested an evidentiary hearing on the issues presented in his petition. Pet'r's Cls. A & D, ¶ 8, ECF No. 1-2. The Court DENIES the request, as purely legal issues are presented, and the Court may adequately resolve the issues as presented in the briefs. *See* Rule 8 of the Rules Governing Section 2254 Cases. Accordingly, this matter is ripe for review.

### B. Factual Background

On the night of February 26, 2008, City of Portsmouth police received a tip from a confidential informant who alleged to have seen a man, who the informant believed went by the street name "Meat", in a black Mercury Mountaineer selling cocaine. Trial Tr. 7:23-8:8, *Commonwealth v. Neely*, No. CR08-0545 (Va. Cir. Ct. June 30, 2008). A few minutes later, police found the vehicle the informant had described at the location he gave them. Trial Tr. 8:9-11. They found Petitioner in the vehicle and later testified that Petitioner told them the vehicle was his. Trial Tr. 10:4-11:6.

Police searched the vehicle pursuant to a search warrant and found, *inter alia*, thirty-two grams of crack cocaine, a small bag of marijuana, a loaded .45-caliber handgun, a digital scale,

three mobile telephones, and a razor blade with what was later confirmed to be cocaine residue. Trial Tr. 15:20-16:10. In various locations throughout the vehicle, police found papers bearing Petitioner's name, including his work identification card and a repair receipt for the vehicle. Trial Tr. 15:20-16:25. However, the vehicle was registered to Petitioner's father, Clarence Neely. Trial Tr. 16:24-17:4. Police also found $285 in cash in Petitioner's pocket. Trial Tr. 16:11-12, 17:9.

**C. Grounds Alleged.**

Petitioner asserts he is entitled to relief under 28 U.S.C. § 2254 for the following reasons:

(a) The Portsmouth Circuit Court, on habeas, erred in dismissing his abuse of discretion claims because each implicated a constitutional issue. Specifically, he appears to allege that:

(1) the Fair Sentencing Act of 2010, Pub. L No. 111-220, 124 Stat. 2372 (2010), shows a Congressional policy judgment that unequal sentencing of crack and powder cocaine possession is both cruel and unusual punishment and a violation of equal protection, Pet'r's Cls. A & D, at 3-7, ECF No. 1-2;

(2) the trial court's refusal to grant him a continuance during which to obtain new counsel violated his 6th Amendment right to counsel, Pet'r's Cls. A & D, ¶ 26, ECF No. 1-2; and

(3) the Commonwealth deprived him of his property without due process when it took the money he had in his possession at the time of his arrest and used it as evidence against him without following proper forfeiture procedures, Pet'r's Cls. A & D, ¶ 28-29, ECF No. 1-2.

(b) Ineffective assistance of trial counsel, in that his defense counsel, Misty Mirpuri, Esq.:

(1) failed to call two exculpatory witnesses, Pet'r's Cl. B, at 1-6, ECF No. 1-3;

(2) failed to exclude language alleging that Petitioner had gang affiliation from his presentence report, Pet'r's Cl. B, at 6-8, ECF No. 1-3;

(3) fraudulently induced Petitioner to waive his right to trial by jury, Pet'r's Cl. B, ¶¶ 30-33, ECF No. 1-3; and

(4) failed to interview the arresting officers before trial, Pet'r's Cl. B, ¶¶ 36-

38, ECF No. 1-3.

(c) Ineffective assistance of appellate counsel in that Von L. Piersall, Esq., Petitioner's retained appellate counsel, did not consult with him regarding which issues to raise on direct appeal or keep him informed of the progress of his appeals. Pet'r's Cl. C, ECF No 1-4.

(d) The state habeas court erred in dismissing Petitioner's prosecutorial misconduct claims as procedurally defaulted because both implicated constitutional issues. Specifically, Petitioner alleges that:

(1) the Assistant Commonwealth's Attorney Eric Livingston, Esq., presented unlawful character evidence in Petitioner's sentencing hearing, Pet'r's Cls. A & D, ¶¶ 31-38, ECF No. 1-2; and

(2) Mr. Livingston concealed the identity of the confidential informant whose tip led police to arrest Petitioner, Pet'r's Cls. A & D, ¶¶ 39-43, ECF No. 1-2.

Petitioner also appears to assert that, even if procedural default does apply to grounds (a) and (d), his claims should not be barred, either because Ms. Mirpuri's ineffective assistance prevented him from preserving these claims for appeal, *see* Pet'r's Cls. A & D, ¶ 30, ECF No. 1-27; or because Mr. Piersall's ineffective assistance prevented him from raising them on direct appeal, *see* Pet'r's Cls. A & D, ¶ 35, ECF No. 1-2.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A. Exhaustion**

In order for this Court to review the merits of Petitioner's claims, each claim must be exhausted. *See* 28 U.S.C. § 2254(b) (2006). The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), *aff'd*, 996 F.2d 1560 (4th Cir. 1993); *see also*, *Jones v. Sussex I State*

*Prison*, 591 F.3d 707, 712-13 (4th Cir. 2010). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (*citing Brown v. Allen*, 344 U.S. 443, 447 (1953)); *see also Skipper v. French*, 130 F.3d 603, 610 n.4 (4th Cir. 1997). Respondent has stipulated that Petitioner has exhausted his available state remedies with regard to all of the grounds he asserts, Resp't's Br. in Supp. of Mot. to Dismiss 1, ECF No. 15, and the Court agrees that this is so. Even though his state remedies are exhausted, this Court can only address the merits of Petitioner's claims if they were not procedurally defaulted in state court. *See Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998).

**A. Procedural Default**

Because Petitioner procedurally defaulted all of his claims under grounds (a) and (d), the Court recommends that they be dismissed. A claim is procedurally defaulted when a state court refuses review of the claim under an adequate and independent state procedural rule. *Id.*; *see also*, *Coleman v. Thompson*, 501 U.S. 722, 729 (1991) ("This Court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment."). A state procedural rule is adequate if it is firmly established and regularly followed. *McNeil v. Polk*, 476 F.3d 206, 211 (4th Cir. 2007) (citing *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988)). It is independent if it does not depend on a federal constitutional ruling. *Id.* (citing *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985)).

A federal court may review a procedurally defaulted claim, however, where the petitioner can show either (1) cause for the default and actual prejudice resulting; or (2) that a "fundamental miscarriage of justice" will occur if the petitioner's claim is not reviewed on its

merits. *Coleman*, 501 U.S. at 750. To show cause, the petitioner must show that he was prevented from complying with state procedure by external factors that are not his own fault. *Id.* Claims of ineffective assistance of counsel are insufficient cause unless they satisfy the *Strickland v. Washington* test for constitutionally ineffective assistance of counsel. *Murray v. Carrier*, 477 U.S. 478, 487 (1986). However, "a showing that the factual or legal basis for a claim was not reasonably available to counsel" may be sufficient. *Id.* at 488. *But see Smith v. Murray*, 477 U.S. 527, 537 (1986) (holding that a new rule which merely makes an already available claim stronger is not sufficient cause to excuse a procedural default). Actual prejudice is present where the petitioner can show that the errors or factors constituting cause were so great that his entire trial was rendered constitutionally deficient. *Wolfe v. Johnson*, 565 F.3d 140, 158 n. 27 (4th Cir. 2009) (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)). A petitioner may avail himself of the "fundamental miscarriage of justice" exception by proffering new evidence sufficient to support a claim of actual innocence. *Id.* at 160.

Respondent contends that each of Petitioner's claims under grounds (a) and (d) are procedurally defaulted because they are an attack on the state habeas court's rulings on state procedural law, rather than on the constitutionality of the trial court's rulings, and are therefore not reviewable here under *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (holding that federal courts lack jurisdiction to review state court applications of state law in habeas proceedings). However, Petitioner contends that his procedural defaults on these grounds should be excused.

The state habeas court expressly ruled as a matter of state law, relying on *Slayton v. Parrigan*, 215 Va. 27, 205 S.E.2d 680 (1974), dismissing Petitioner's claims in grounds (a) and (d) because he did not raise them on direct appeal. *Neely v. Hinkle*, No. CL-11-805, 1 (Va. Cir.

7

Ct. May 31, 2012). *Slayton* establishes the rule of Virginia procedural law that, absent a showing of ineffective assistance of counsel, petitioners may not raise issues in a habeas corpus petition to which they did not object at trial or raise on direct appeal. *Slayton*, 215 Va. at 29, 205 S.E.2d at 682. Fourth Circuit precedent clearly establishes that *Slayton* constitutes an independent and adequate state procedural rule. *Fisher*, 163 F.3d at 844. Therefore, all of Petitioner's claims in grounds (a) and (d) were procedurally defaulted in state court and are not reviewable on the merits unless they fall within either the cause-and-prejudice or fundamental miscarriage of justice exceptions.

Petitioner has not shown sufficient cause to excuse his procedural defaults under the cause-and-prejudice exception. First, Petitioner argues that he could not have raised his claim in (a)(1) at his sentencing or on direct appeal because the Fair Sentencing Act had not been enacted. Cls. Pet'r's Cls. A & D, ¶¶ 4-6, ECF No. 1-2; Pet'r's Br. in Opp. to Resp't's Mot. 2, ECF No. 17. He appears to contend that actual prejudice resulted because, if the Supreme Court of Virginia had the Act to consider, it would have conducted a review of the initial fifty year sentence through the lens of *Solem v. Helm*, 463 U.S. 277 (1983). Pet'r's Cls. A & D, ¶¶ 8-11.[1] However, even assuming that the Fair Sentencing Act would have the effect Petitioner expects, the Act's availability would have served only to support his already available 8th Amendment claim of a disproportionate sentence, not to originate an entirely novel claim. *See Murray*, 527 U.S. at 537 (holding that the claim must be entirely new, not merely easier to argue, as a result of the change in law cited). Accordingly, Petitioner's procedural default on claim (a)(1) cannot be excused by

---

[1] Petitioner places paragraphs 11-22, which apply a *Solem v. Helm* analysis to his sentence, under the heading "miscarriage of justice". However, an 8th Amendment disproportionality claim cannot support excusal of procedural default under the fundamental miscarriage of justice exception. Instead, the Court will construe this argument as support for Petitioner's claim that he suffered actual prejudice as a result of the unavailability of the Fair Sentencing Act of 2010, which would otherwise also lack sufficient support to excuse his procedural default.

the cause-and-prejudice exception.

Petitioner does not assert cause or prejudice to excuse his procedural defaults of claims (a)(2) or (a)(3), but these claims are sufficiently tied to Petitioner's cause-and-prejudice arguments for claim (d)(2) to consider all three together.[2] He claims ineffective assistance of trial counsel as cause for his attorney's failure to raise claim (d)(2) at trial, but none of the errors he alleges Ms. Mirpuri committed, even if proven, could rise to the level of constitutional deficiency required to establish cause to excuse procedural default.[3] Similarly, he claims ineffective assistance of his appellate counsel as cause for his failure to raise claim (d)(1) on direct appeal, but neither of the errors he alleges Mr. Piersall committed would, even if proven, rise to the level of constitutional deficiency required to establish cause to excuse Petitioner's default.[4]

Finally, Petitioner argues that his procedural defaults of claims (a)(1), (a)(2), (a)(3), and (d)(2) should be excused under the fundamental miscarriage of justice exception. He offers nothing to support his conclusory statements that a failure to consider claims (a)(3), (d)(1), or (d)(2) would be a miscarriage of justice, so his defaults of these claims are not excusable. He argues that his default of claim (a)(1) should be excused because his sentence was disproportionate to his crime in violation of the 8th Amendment. In so arguing, Petitioner is effectively urging this Court to bypass procedural default and rule that his default is excused because of the merits of his claim. Absent new evidence of actual innocence, the miscarriage of

---

[2] Ground (a)(2) effectively contends that, because his trial counsel was constitutionally ineffective, Petitioner should have been granted time to replace her. Ground (a)(3) appears to be that Petitioner was prejudiced by his trial counsel's unreasonable failure to object to the prosecution's use of his money as evidence against him at trial. Thus, the Court will construe Petitioner's claims of ineffective assistance of trial counsel as cause to excuse his default of ground (d)(2) as applicable to grounds (a)(2) and (a)(3) as well.
[3] *See infra*, Part II.B. for analysis of Petitioner's ineffective assistance of trial counsel claims.
[4] *See infra*, Part II.B. for analysis of Petitioner's ineffective assistance of appellate counsel claims.

justice exception does not apply, however, and Petitioner's default on claim (a)(1) is not excusable. Thus, all of Petitioner's claims in grounds (a) and (d) were procedurally defaulted and should be DENIED.

**C. Merits of Grounds (b) and (c)**

Because the state habeas court ruled on the merits of Petitioner's claims in grounds (b) and (c), and it appears from the record that all of the state habeas court's rulings regarding these grounds were reasonable, his petition should be denied with respect to these grounds. Under 28 U.S.C. § 2254, this Court may not grant relief on any claim that was adjudicated on its merits in State court, unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2) (2012).

A state court decision is "contrary to" clearly established federal law when a state court arrives at a conclusion opposite that of the Supreme Court on a question of law, or when a state court decides a case differently than the Supreme Court on materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court decision constitutes an "unreasonable application" of federal law when the court identifies the correct governing legal principle from the decisions of the Supreme Court, but unreasonably applies that principle to the facts of the case. *Id.* at 413. A state court need not cite to, or even be aware of, relevant Supreme

Court precedent "so long as neither the reasoning nor the result" contradicts or unreasonably applies the law. *Early v. Packer*, 537 U.S. 3, 8 (2002). As this is a deferential standard of review, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." *Id.* at 386-89.

The state habeas court correctly identified *Strickland v. Washington*, 466 U.S. 668 (1984), as the relevant precedent for adjudicating Petitioner's ineffective assistance of counsel claims in grounds (b) and (c). Thus, in order to be entitled to relief on these grounds, Petitioner must prove that the state habeas court's findings were an unreasonable application of the *Strickland* framework. *Strickland* requires a review of counsel's performance to determine whether (1) it fell below an objective standard of reasonableness; and (2) the petitioner suffered actual prejudice as a result. *Strickland*, 466 U.S. at 687-96. The combined effect of *Strickland*'s deferential review and the deference that federal courts must give to state habeas courts under 28 U.S.C. § 2254(d) creates a "'doubly deferential' review" of ineffective assistance claims that have been rejected on their merits by state courts, under which a petitioner's claim must be denied if "there is any reasonable argument that counsel satisfied *Strickland*[]." *Moore v. Hardee*, 723 F.3d 488, 496 (4th Cir 2013) (quoting *Harrington v. Richter*, 131 S.Ct. 770, 788 (2011)).

Petitioner has failed to prove his counsel was ineffective under the standards of *Strickland*, much less that the state habeas court was unreasonable in so finding. Petitioner alleges in claim (b)(1) that, if his trial attorney had subpoenaed and examined Clarence Neely, Petitioner's father, and Bartley Tuthill, an attorney who was apparently representing Petitioner in

an unrelated child custody matter, their testimony would have exculpated him. Pet'r's Cl. B, ¶¶ 2-3, 7-8, ECF No. 1-4. Petitioner contends that Clarence would have testified that the vehicle in which the narcotics and firearm were found was his, not Petitioner's, that Clarence let people other than Petitioner use the vehicle on occasion, and that these other users may have been involved in the drug trade. Pet'r's Cl. B, ¶ 7, ECF No. 1-3; Pet'r's Br., ¶¶ 16-18, ECF No. 17. Petitioner contends that Tuthill would have testified that he received a phone call from a woman contending to be the mother of Petitioner's children admitting that she had planted the drugs and money in the vehicle. Pet'r's Cl. B, ¶ 7, ECF No. 1-3.

The state habeas court found that Petitioner had not satisfied *Strickland*'s performance prong because trial counsel presented this same evidence through Petitioner's own testimony. *Neely v. Hinkle*, No. CL-11-805, at 1. While the court did not expressly find that Petitioner's trial counsel may have had good reason for choosing not to present Clarence Neely as a witness, neither the trial transcript nor Petitioner's allegations offer anything to indicate that the state habeas court erred in finding that Ms. Mirpuri's performance was sufficient and that her errors, if there were any, did not prejudice Petitioner. Ms. Mirpuri could have had any number of legitimate reasons for not presenting these witnesses, and Petitioner offers no evidence of how their testimony would have changed the verdict. Accordingly, the state habeas court did not unreasonably apply *Strickland* to Petitioner's claim in claim (b)(1) and the claim should be DENIED.

Petitioner contends in claim (b)(2) that Ms. Mirpuri should have objected *prior* to his sentencing hearing to the fact that the probation officer who prepared his presentence report indicated in the report that Petitioner had a gang affiliation, and that, had she done so and

managed to get the report changed, he would not have received so harsh a sentence. Pet'r's Cl. B, ¶¶ 19-26, ECF No. 1-3. The state habeas court rejected this claim because Petitioner's Ms. Mirpuri objected to the allegation in the hearing and elicited the probation officer's testimony that the allegation was unverified, and because neither the prosecutor nor the trial judge referred to Petitioner's alleged gang affiliation again. *Neely v. Hinkle*, No. CL-11-805, at 1. The sentencing hearing transcript clearly corroborates this finding: Mr. Livingston's closing argument focused on Petitioner's long criminal record and recidivism, including "seven felony convictions, seventeen misdemeanor convictions; and . . . a prior PWID cocaine distribution conviction[.]" Sentencing Hr'g Tr. 10:6-13, *Commonwealth v. Neely*, No. CR08-0545. At no point did Mr. Livingston mention Petitioner's alleged gang affiliation. The trial judge clearly agreed that Petitioner's record alone justified his long sentence: "I think rehabilitation in your case is out of the question. You've been convicted several times. You've been given opportunities, and it hasn't worked." Sentencing Hrg. Tr. 13:23-14:2. Because there is no indication of any error by Ms. Mirpuri regarding the gang affiliation allegation, and because it appears Petitioner was not prejudiced by the allegation, the state habeas court did not unreasonably apply *Strickland* to Petitioner's claim in claim (b)(2) and the claim should be DENIED.

Petitioner contends in claim (b)(3) that Ms. Mirpuri improperly induced him to waive his right to a jury trial. Pet'r's Cl. B, ¶¶ 30-33, ECF No. 1-3. Because he alleges no facts that would substantiate this conclusory allegation, the state habeas court correctly rejected it. *Neely v. Hinkle*, No. CL-11-805, at 2. Petitioner's contention in claim (b)(4) is similarly unsubstantiated. There, he argues that, because Ms. Mirpuri did not interview the arresting officers before his

trial, she failed to note an inconsistency in the testimony of the police officer who found the firearm. Pet'r's Cl. B, ¶¶ 34-38, ECF No. 1-3. However, he fails to allege any facts indicating why he thinks this prejudiced him. Accordingly, the state habeas court did not unreasonably apply *Strickland* to claims (b)(3) or (b)(4) and both should be DENIED.

Petitioner has not pled sufficient facts to support claim (c)(1). He argues that Mr. Piersall, his appellate counsel, failed to consult with him over what issues to raise on direct appeal. Pet'r's Cl. C, ¶ 3, ECF No. 1-4. The state habeas court rejected this claim, finding that it was conclusory, failed to allege that Mr. Piersall had exceeded his discretion, and failed to name a single claim that he had preserved at trial that Mr. Piersall did not raise on direct appeal. *Neely v. Hinkle*, No. CL-11-805, at 3. Petitioner does refer to pages fifty-eight to sixty-two of the trial transcript as containing an example of an issue preserved at trial but not raised on appeal. Pet'r's Cl. C, ¶ 14, ECF No. 1-4. These pages contain a dialog between Petitioner's trial counsel and the court on the defense's motion to strike the Commonwealth's evidence. Trial Tr. at 58-62.

Because the trial judge denied the motions, Petitioner's appellate counsel could theoretically have assigned error on these rulings. However, under the "doubly deferential" review the Court must apply to such claims, it is clearly at least arguable that Mr. Piersall's performance was sufficient and did not prejudice Petitioner. This is especially so given the wide tactical discretion given to appellate counsel to choose which issues to raise on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983). Because the trial judge gave careful consideration to the motions, and because trial courts have great discretion in ruling on dispositive motions, it is certainly arguable that Mr. Piersall could have legitimately concluded that the denial of the motions was either not error or was not worth raising on appeal. Either determination would be

14

well within his discretion. Accordingly, claim (c)(1) should be DENIED.

Finally, Petitioner alleges in claim (c)(2) that Mr. Piersall failed to notify him of the outcome of his appeals. Pet'r's Cl. C, ¶¶ 4-5, ECF No 1-4. Even assuming this is so, Petitioner has not offered any facts that would allow a court to conclude he was prejudiced by Mr. Piersall's silence. Thus, the state habeas court's rejection of claim (c)(2) was reasonable and that claim should be DENIED.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Neely's petition for a writ of habeas corpus be DENIED and DISMISSED and Respondent's motion to dismiss be GRANTED.

Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. *See Miller-El v. Cockrell*, 537 U.S. 322 (2003).

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of

the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

      2. A district judge shall make a *de novo* determination of those portions of this Report or specified findings or recommendations to which objection is made.

      The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, 467 U.S. 1208 (1984).

                                                                                             /s/
                                                                       Tommy E. Miller
                                                            United States Magistrate Judge

Norfolk, Virginia
February 7, 2014

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Demetrius L. Neely, #1104743
Greensville Correctional Center
901 Corrections Way
Jarratt, VA 23870

Robert Homer Anderson, III, Esq.
Office of the Attorney General
900 East Main Street
Richmond, VA 23219

Fernando Galindo, Clerk

By _____
Deputy Clerk
February 7, 2014